**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Case No. 1:25cv397**

MARILENA MURPHY, individually and on behalf of a class of other similarly situated individuals,

Plaintiff,

v.

DOLLAR TREE, INC.,

Defendant.

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441, and 1446, Defendant Dollar Tree, Inc. ("Dollar Tree") hereby provides notice of removal of this action from the General Court of Justice, Superior Court Division, County of Buncombe, State of North Carolina, to the United States District Court for the Western District of North Carolina, Asheville Division. In support of this Notice of Removal, Dollar Tree states as follows:

## I. The State Court Action.

1. On October 6, 2025, Plaintiff Marilena Murphy ("Plaintiff") filed a putative class action complaint ("Complaint") against Dollar Tree in the General Court of Justice, Superior Court Division, County of Buncombe, State of North Carolina, captioned *Marilena Murphy v. Dollar Tree, Inc.*, No. 25CV006137-100 (the "State Court Action").

2. Plaintiff alleges a single violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681(c)(g).

3. Plaintiff seeks to assert this claims on behalf of herself and a putative class defined as "all persons in the United States who, within the time frame relevant to this action, engaged in one or more transactions using a credit or debit card at one of Defendant's stores in the United States at a time when the POS system utilized to process the transaction was programmed to print more than the last five digits of the credit or debit card number used in the transaction on the customer's receipt. (Ex. 1 at Compl. ¶ 86.)

4. Plaintiff alleges that she has "experienced injury, including without limitation violation of statutory rights under 15 U.S.C. § 1681c(g), violation of legally protected interests, invasion of privacy, lost opportunity costs, loss related to the benefit of the bargain, loss of time addressing Defendant's acts or omissions in relation to her personal financial information, loss pertaining to privacy protection expectations, loss of the ability to utilize Defendant's exchange policy, diminution of the value of the goods purchased, and exposure to an elevated risk of identity theft." (Ex. 1 at Compl. ¶ 3.)

## II. Removal Prerequisites

5. Dollar Tree was served with a copy of the Complaint and Summons in the State Court Action on October 10, 2025.

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Dollar Tree was served with the initial pleading.

7. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1.**

8. Venue is proper in this District because Buncombe County, in which the State Court Action is pending, is within the jurisdictional confine of this Court. *See* 28 U.S.C. §§ 1441(a), 1446(a).

9. In accordance with 28 U.S.C. § 1446(d), Dollar Tree will provide this Notice of Removal to Plaintiff, through her counsel in the State Court Action, and contemporaneously will file a copy of this Notice of Removal in the General Court of Justice, Superior Court Division, in which the State Court Action was pending.

## III. Removal Authority

### a. Federal Question Jurisdiction Under 28 U.S.C. § 1331.

10. Removal is proper because the Complaint includes claims arising under the laws of the United States. Specifically, the Complaint asserts a single count for alleged violation of FACTA.

### b. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

11. Removal is also proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff

class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[1] Here, all three conditions are satisfied.

12. Plaintiff alleges that "[t]he Class consists of thousands of cardholders who used credit or debit cards at locations owned or operated by Defendant across the United States." (Ex. 1 at Compl., ¶ 88.) Accordingly, the putative class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

13. At least one member of the putative class, Plaintiff, is a citizen of North Carolina. (Ex. 1, Compl., ¶ 10.) Dollar Tree is a Virginia corporation with its headquarters and principal place of business in Virginia.[2] (*Id.* ¶ 11.). Dollar Tree, therefore, is a citizen of Virginia. Accordingly, at least one member of the putative class of plaintiffs is a citizen of a state different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

14. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the

---

[1] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

[2] Plaintiff did not allege Dollar Tree's principal place of business, but Dollar Tree represents that it is in Chesapeake, Virginia.

claim."). Further, "statutorily permitted punitive damages may be included to determine whether the jurisdictional amount-in-controversy requirement is met, so long as there is a reasonable relationship between the actual and punitive damages awards. Attorneys' fees may also be included to determine whether the jurisdictional amount-in-controversy requirement is met." *Azima v. Nicholas Del Rosso & Vital Mgmt. Servs., Inc.*, No. 1:20CV954, 2022 WL 4537807, at *4 (M.D.N.C. Sept. 28, 2022) (citing *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) and *Francis v. Allstate Ins.*, 709 F.3d 362, 368–369 (4th Cir. 2013)). Here, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, litigation expenses, and costs of suit. (Ex. 1 at Compl at 22.) Because Plaintiff seeks statutory and punitive damages, attorney's fees and costs, the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).

15. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

All pleadings filed and/or issued to date in the Buncombe County Superior Court are attached hereto as Exhibit A.

**WHEREFORE,** Defendant Dollar Tree, Inc. hereby removes this civil action to this Court on the bases identified above.

Dated: November 7, 2025

Respectfully submitted,

**ROBINSON, BRADSHAW & HINSON, P.A.**

s/ David C. Wright, III
David C. Wright, III
N.C. State Bar No. 11161

Adam K. Doerr
N.C. State Bar No. 37807
600 South Tryon Street, Suite 2300
Charlotte, North Carolina 28202
dwright@rbh.com
adoerr@rbh.com
Telephone: 704.377.2536
Facsimile: 704.378.4000

**BAKER & HOSTETLER LLP**

*Pro Hac Vice* Admissions Forthcoming:

Joel Griswold
Bonnie Keane DelGobbo
Katharine Walton
One North Wacker Drive, Suite 3700
Chicago, Illinois 60606-2841
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com
Telephone: 312.416.6200
Facsimile: 312.416.6201

*Attorneys for Dollar Tree, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing was electronically filed using the Court's electronic filing system and was additionally served on the following counsel of record via electronic and U.S. First Class mail as follows:

W. Stacy Miller II
MaryAnne M. Hamilton
Miller Law Group, PLLC
2424 Glenwood Avenue, Suite 201
Raleigh, North Carolina 27608
maryanne@millerlawgroupnc.com

This 7th day of November, 2025.

s/ David C. Wright, III
David C. Wright, III